# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
                 Plaintiff, )
                                    )    3:07-cr-00094-RCJ-WGC-1
   vs. )
ELBA CALVILLO, ) **ORDER**
               Defendant. )

Petitioner Elba Calvillo pled guilty to one count of Fraudulent Use of a Social Security Number, 42 U.S.C. § 408(a)(7), and the Court sentenced her to five years of probation and $29,645 in restitution. (*See* J., Sept. 9, 2008, ECF No. 24 (Sandoval, J.)). In the plea agreement, Petitioner waived her right to appeal any aspect of her sentence except an upward departure. (*See* Plea Agreement, June 23, 2008, ECF No. 19). Petitioner did not appeal but filed the present Motion to Set Aside, Vacate, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 25) alleging a single point of error: that her trial counsel was ineffective for failing to inform her that deportation would be automatic based upon her conviction—which qualified as an aggravated felony—and not only a possibility. Because the motion is not plainly deficient, the Court required the Government to respond. Specifically, the Court required briefing on three issues: whether the motion was timely under § 2255(f)(4); whether *Padilla v. Kentucky*, 130 S. Ct. 1473

(2010) is retroactive for the purposes of collateral review; and of what exactly did Petitioner's attorney warn her.

Most of the courts of appeals directly to address *Padilla*'s retroactivity have ruled that it is not retroactive. *See United States v. Amer*, No. 11-60522, 2010 WL 1621005, at *2–3 (5th Cir. May 9, 2012); *United States v. Chang Hong*, 671 F.3d 1147, 1150–55 (10th Cir. 2011); *Chaidez v. United States*, 655 F.3d 684, 687–94 (7th Cir. 2011), *cert. granted*, No. 11-820, 2012 WL 1468539 (Apr. 30, 2012). *But see United States v. Orocio*, 645 F.3d 630, 637–41 (3rd Cir. 2011). The district courts within this Circuit are split on the question. *Compare, e.g.*, *United States v. Hurtado-Villa*, Nos. CV 10–01814–PHX–FJM, CR 08–01249–PHX–FJM, 2011 WL 4625957, at *3 (D. Ariz. Oct. 5, 2011); *with*, *e.g.*, *Jiminez v. Holder*, No. 10–cv–1528–JAH (NLS), 2011 WL 3667628, at *3–4 (S.D. Cal. Aug. 19, 2011). The Ninth Circuit itself has not directly addressed the issue. Although the Court of Appeals has vacated and remanded an order denying § 2255 relief in a case where the issue may have been dispositive if addressed, the Court did not directly address the issue because the district court had purposely bypassed the issue and ruled purely on the merits. *See United States v. Bonilla*, 637 F.3d 980, 982–83 (9th Cir. 2011) ("The [district] court nonetheless concluded that Bonilla had not received ineffective assistance because even if *Padilla* were retroactively [applied] to render the performance of Bonilla's counsel deficient for Sixth Amendment purposes, counsel's failure to advise Bonilla did not give rise to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (citations and internal quotation marks omitted)). The *Bonilla* court then analyzed the merits, which was the only basis for the appeal, assuming without deciding that *Padilla* applied, but without applying the relevant analysis required under *Teague v. Lane*, 489 U.S. 288 (1989). *See Whorton v. Bockting*, 549 U.S. 406, 416 (2007). The issue therefore appears to remain unresolved in this Circuit. The Supreme Court recently granted certiorari on the issue. *See United States v. Chaidez*, No. 11-820, 2012 WL 1468539, at *1 (Apr. 30, 2012).

Oral argument is scheduled for October 10, 2012, and the Supreme Court's ruling will almost certainly issue before any appeal in the present case can be decided in the Court of Appeals, and perhaps before it is even heard. The Court would therefore stay the present motion if the retroactivity question were dispositive. Because, however, the case can be decided on timeliness grounds without addressing *Padilla*'s retroactivity, the Court will rule immediately.

A petitioner must file a motion by the latest of the date on which the judgment of conviction becomes final, the date on which a governmental impediment to making a motion in violation of the Constitution or laws of the United States is removed, the date on which a newly recognized and retroactively applicable right asserted was initially recognized by the Supreme Court, or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner bases her motion on alleged ineffective assistance of trial counsel. She argues that trial counsel was ineffective in failing to inform her of the immigration consequences of her plea, i.e., that she would be automatically deportable, in violation of the Sixth Amendment. *See Padilla*, 130 S. Ct. at 1483 ("When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (footnote omitted)).

Petitioner filed the present motion on May 9, 2012. The judgment of conviction became final on September 9, 2008, because Defendant waived her right to direct appeal except to the extend the sentence departed from the U.S. Sentencing Guidelines. Petitioner alleges no governmental impediment to her motion. The Supreme Court has not announced that *Padilla* is retroactive. Petitioner argues that her untimely motion should be excused because she was unable through the exercise of due diligence to discover that she was facing mandatory

1 deportation until March 26, 2012, when U.S. Immigration and Customs Enforcement ("ICE")
2 informed her that she was to be deported.  Petitioner argues that she had no reason to question
3 the advice of counsel until ICE contacted her, making it clear that counsel's advice was
4 incorrect.  Petitioner asks that she be permitted to withdraw her guilty plea.

5 The plea agreement indicates that Petitioner was aware that "she may be subject to
6 removal from the United States for being an alien present in the United States without authority .
7 . . [and that] the immigration authorities are not prohibited in any way from taking whatever
8 action they deem appropriate as it relates to the defendant." (Plea Agreement para. 12, June 23,
9 2008, ECF No. 19).  Because defendant was plainly made aware that the immigration authorities
10 would be able to take any action they deemed appropriate, the scope of which would of course
11 include deportation, any putative failure of Petitioner's attorney to fail to inform her that she was
12 automatically deportable as opposed to being deportable under some discretionary standard was
13 non-prejudicial.  Petitioner was already on notice via the plea agreement itself that she could be
14 deported.  Petitioner does not allege that her trial attorney contradicted this notice and told her
15 that she would not be deportable. The audio recording of Petitioner's change of plea hearing
16 indicates that Petitioner stated under oath that she understood the plea agreement after having
17 discussed it with her attorney in her native language.  The attorney for the Government read the
18 material terms of the plea agreement aloud at the hearing, including the provision noting that
19 Petitioner was aware that she may be subject to removal.  Petitioner confirmed that the oral
20 representation of the plea agreement by the Government's attorney was correct.  She then stated
21 under oath that no one had made her any promises except those contained within the plea
22 agreement.  The Court accepted her representation, and Petitioner obtained the benefit of the plea
23 agreement due to the Court's acceptance of this representation and other representations she
24 made to the Court.  Petitioner is therefore estopped from now arguing that her counsel's
25 representations to her concerning the immigration consequences of her plea were inconsistent

1  with the plea agreement itself, and the plea agreement indicates that the immigration authorities
2  were not prevented in any way, e.g., by any particular standard of review or conditions, from
3  removing her.  Furthermore, as the Government notes, Plaintiff stated in her plea memorandum
4  that she was aware she could be deported and had already hired a local attorney to assist her with
5  the issue.  Because Petitioner was aware of the immigration consequences of her plea at the time
6  she pled guilty, the Petition is both untimely and unmeritorious, regardless of whether *Padilla* is
7  retroactive.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Set Aside, Vacate, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge